construction of the 31st section, compared and taken in connection with the 63d, is, that it is prospective, and al-ludes only to future judgments. It would require express words to take a party's pre-existing rights. Here the plaintiff never did any act waiving those he had under the judgment. They remain, therefore, unimpaired.

Judgment for the plaintiff.

## MILLER AND GRAHAM *against* DE PEYSTER AND CHARL-TON.

If an assured, after capture, appoint an agent to prosecute his claim, such agent after due abandonment becomes the agent of the assured, and a receipt by him of the money for which the property has been sold, will be deemed a receipt by the insurer, who must look to the agent for the amount, and pay the assured his full loss without any deduction. All acts by such an agent, if *bona fide*, bind the underwriter.

ASSUMPSIT on a policy of insurance on the cargo of the schooner Chance, commanded by Graham, one of the plain-tiffs in the cause.

The vessel and cargo being captured by a French priva-teer, were sold by order of the Spanish Government at the Mantanzas, in the Island of Cuba, whither she was carried, and the proceeds of both lodged in the custom-house of that place. After this Graham appointed an agent to prose-cute his claim, and departed.

The agent thus constituted, entered into a compromise with the captors, by which it was agreed that the money should be released on the captured's paying all [*302] costs and charges, and giving *up one third of the money deposited. This being done the two thirds were received by the agent, who, in answering to the in-terrogatories, in a commission, acknowledged having the money, and stated himself ready to exhibit the documents

and accounts, with the balance, to any one duly empow-
ered. The question was, whether, as two thirds of the
value insured were in the hands of an agent appointed by
one of the assured, they could, notwithstanding a due aban-
donment, recover as for a total loss?

*Harison*, for the plaintiff. Had we not left an agent to
manage the affairs of the vessel and cargo, there would, it
is allowed, have been no doubt as to our right, but that
having done so, and not having staid to prosecute, the claim
is taken away. This case is exactly within the decision of
*Berens* v. *Rucker*, 1 Black. 313. All compromises, *bona
fide* made, bind the insurer. After abandonment, the agent
of the insured is, like the insured himself, the agent of the
underwriter.

*Pendleton*, contra. The question is, whether there shall
be a total, or an average loss. We contend the money re-
ceived by the agent of the assured is the same as if received
by the assured himself, and must be deducted from the
amount of the loss. This principle was settled in the court
of errors, in February last.(*a*) The person into whose
hands the money has been paid, may have demands against
the assured, and if so, he having received it under an ap-
pointment from them, will be entitled to set off the amount.
We may thus pay the whole loss to the plaintiffs, and, when
we ask for the proceeds from their agent, be answered with
an account showing a credit to the full sum we may have
paid. The plaintiffs ought not to doubt their own agent.
By receiving from the underwriter one third, and giving
credit for the two thirds at their disposal, complete justice
is done.

*Hoffman*, in reply, was stopped by the court.

(*a*) *J. B. Church* v. *Bedient and others*, 1 Caines' Cases in Error, 21, but in
that case the vessel was sold in her home port, and the proceeds of her in
the hands of the assured himself.

*Per Curiam.* The composition made by the agent, appointed by Graham, the master of the vessel, and part owner of the cargo, was done in good faith, after a capture and abandonment. It was made for a benefit of the insurer, to whom the person intrusted with the management of the business must be considered as the agent. It was a discretion within the scope of his authority. A discretion which, if prudently exercised, would often be for the benefit of the underwriters, but which would never be used if at the hazard of turning a total into a partial loss. Had the balance, after payment *of the composition money and charges, been received by Graham himself, it might have been a proper case for deduction. But the money is still in the hands of the foreign agent. He may fail, and the assured ought not to run that risk. It is to the person in whose hands the money is that the insurer must look. Judgment must, therefore, be for the plaintiffs.(a)

[*303]

Judgment for a total loss.

(a) See *Abbott* v. *Broome*, 1 Caines' Rep. 303, n. (a.)